**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Reginald Warren,** | ) | **CASE NO. 1:09 CV 1064** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Keith Smith, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White (Doc. 16), which recommends dismissal of the Petition for Writ of Habeas Corpus now pending before the Court and denial of petitioner's Motion for Leave to Pursue Discovery Pursuant to Habeas Rule 6 (Doc. 15). For the following reasons, the Report and Recommendation is ACCEPTED.

**INTRODUCTION**

Petitioner, Reginald Warren, commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after his conviction was affirmed on appeal on one count of rape of a child under the age of 13 with a force specification,

1

four counts of gross sexual imposition with violence specifications, and five counts of kidnapping with violence specifications.[1]  He was sentenced to a term of life imprisonment on the rape count; four to 10 years on each count of gross sexual imposition to run concurrently with one another but consecutively to the rape sentence; and 15-25 years on each count of kidnapping to run concurrently with one another but consecutively to the rape and gross sexual imposition sentences.  This matter has been fully briefed and the Magistrate Judge has issued his Report and Recommendation recommending that the Petition be dismissed.  Petitioner has filed Objections to the Report and Recommendation.

**STANDARD OF REVIEW**

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**DISCUSSION**

The Petition sets forth seven grounds.  Petitioner withdrew grounds four and seven in his Traverse.  The remaining grounds are as follows:

> (1) Petitioner was denied his constitutional rights to due process and a fair trial by a pre-indictment delay of sixteen years, during which two vital witnesses died and the alleged crime scene was destroyed.

---

[1] Petitioner was originally convicted following a bench trial on eight counts of rape with force specifications, 12 counts of gross sexual imposition with violence specifications attached to four of the counts, and 12 counts of kidnapping with violence specifications.

> (2) Petitioner's right to due process and a fair trial were violated by Ohio Rev. Code § 2901.12, as amended in 1999 to create a 20-year statute of limitations, which permits the prosecution of stale misconduct allegations.
>
> (3) Petitioner was denied his constitutional rights to due process and a fair trial where the court admitted and considered hearsay and other improper evidence in deciding this case.
>
> (5) Due process, fundamental fairness, and the prohibition against ex post facto laws were violated when petitioner, as an adult, received a life sentence for rape of a child under thirteen, where he was only a fifteen-year-old juvenile when the offense allegedly occurred.
>
> (6) Petitioner's right to due process under the Fifth and Fourteenth Amendments and the prohibition against ex post facto laws were violated by the retroactive expansion of the statute of limitations, which permitted a prosecution that the passage of time previously barred.

Magistrate Judge White concluded that ground six is procedurally defaulted and that the remaining grounds lack merit. The Court accepts this determination.

**A.    Procedural Default**

Petitioner objects to the Magistrate Judge's conclusion that ground six is procedurally defaulted. Petitioner attempted to raise ground six in an Ohio App. Rule 26(B) Application to Reopen, stating that his appellate counsel was ineffective for failing to present the argument on direct appeal. The appellate court denied the Application to Reopen. The Magistrate Judge found that petitioner did not demonstrate ineffective assistance of counsel, thus he could not satisfy cause and actual prejudice to overcome the procedural default. Petitioner argues in his Objections that appellate counsel was ineffective for failing to raise the issue because the factual circumstances of this case are unique and enhance the overall unfairness of the application of the 20-year statute of limitations, and that the *ex post facto* principles reflected in *Stogner v.*

3

*California,* 539 U.S. 607 (2003), should be applied to his case.

Upon review, the Court agrees with the Magistrate Judge that petitioner has not demonstrated the cause necessary to overcome procedural default in this case. Petitioner has not shown that direct appellate counsel was ineffective for failing to raise this issue. In fact, the Supreme Court in *Stogner* specifically stated that its holding did not affect decisions of state legislatures to extend unexpired statutes of limitations, like the statute of limitations at issue in this case: "Even where courts have upheld extensions of unexpired statutes of limitations (extensions that our holding today does not affect, *see supra,* at ____- ____ , 156 L. Ed. 2d, at 552-553), they have consistently distinguished situations where limitations periods have expired." *Id.* at 618. Counsel cannot be ineffective for failing to raise an argument inapplicable to the circumstances of the case. Additionally, the state appeals court was well aware of the factual circumstances in this case. Accordingly, as petitioner has failed to show cause and prejudice, ground six is procedurally defaulted.

**B.    Merits Review**

    **1.    Ground One**

Petitioner objects to the Magistrate Judge's determination that the indictment 16 years after the crime did not result in a due process violation because petitioner did not demonstrate actual prejudice or that the delay was intentional on the part of the government to gain a tactical advantage in the prosecution. Petitioner argues that between when the crime was committed and when he was indicted, the victim's memory faded, two key witnesses died, the house where the crime took place was destroyed, and petitioner lost the right to be adjudicated as a juvenile

4

offender instead of an adult.[2]  Petitioner further argues he is not responsible for the delay in the indictment, and that the government sought the indictment based on the delayed accusations and exploited the delay by seeking a 48-count indictment that provided little information about the crimes charged.

Upon review, the Court agrees with the Magistrate Judge that ground one lacks merit.  To establish a due process violation for pre-indictment delay, petitioner must demonstrate that he suffered substantial actual prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage.  *United States v. Greene,* 737 F.3d 572, 574 (6th Cir. 1984).  *See United States v. Lovasco,* 431 U.S. 783, 789-790 (1977).  Petitioner's claims of prejudice are speculative.  Although petitioner argues that "[i]t is not speculating to observe that [the two deceased witnesses] would have cast doubt on vague recollections that [the victim] provided," petitioner offers nothing that demonstrates that the witnesses would have credibly testified in petitioner's favor.  Similarly, petitioner argues that it is not speculation that petitioner could have shown that the house was too small for these acts to take place undetected if the house was still standing, but whether a walk-through of the house would have affected the trial outcome is only speculation.  *See United States v. Valona,* 834 F.2d 1334, 1339 (7th Cir. 1987).

Petitioner's arguments as to the government's role in the delay are also not well-taken.  Although he argues that the government sought the indictment based on a delayed accusation,

---

[2]  The alleged loss of petitioner's right to be adjudicated as a juvenile was raised in connection with ground one for the first time in petitioner's Objections.  This issue is more appropriately addressed in connection with ground five, thus the Court will not consider it here.

and took advantage of the delay to provide little information about the crime that occurred, petitioner cannot, and indeed does not, argue that the government intentionally delayed seeking an indictment in this case. The record shows that the victim went to police in 2004 and that the indictment was handed down in 2004. The state court reasonably applied Supreme Court precedent to these circumstances. Accordingly, ground one lacks merit.

### 2. Ground Two

Petitioner objects to the Magistrate Judge's determination that the extension of the statute of limitations in 1999 from six years to 20 years, prior to the expiration of the original statute of limitations, does not violate petitioner's right to due process and a fair trial. Petitioner claims that the Magistrate Judge based his ruling on an "unfairly limited reading of *Stogner*." Petitioner argues that when a statute of limitations period is extended and applied "retroactively" to permit a prosecution that the passage of time once barred, the due process clause is violated.

Upon review, the Court agrees with the Magistrate Judge that ground two lacks merit. *Stonger,* as specifically stated by the Supreme Court, applies only to statutes of limitation that are extended in such a way as to allow the prosecution of a crime that was previously time-barred: "Even where courts have upheld extensions of unexpired statutes of limitations (extensions that our holding today does not affect, *see supra,* at ____- ____ , 156 L. Ed. 2d, at 552-553), they have consistently distinguished situations where limitations periods have expired." *Stonger,* 539 U.S. at 618. Petitioner's prosecution for this crime was never time-barred, as the statute of limitations was still running when it was extended to 20 years in 1999. Petitioner cites no other law demonstrating that the 20-year statute of limitations is unconstitutional. The state court reasonably applied Supreme Court precedent in these

circumstances. Accordingly, ground two is without merit.

### 3. Ground Three

Petitioner objects to the Magistrate Judge's determination that admission of certain testimony at trial was an evidentiary issue that did not render the trial fundamentally unfair. Petitioner claims that admitting testimony of the victim and her mother relating to the burglary and vandalism of Mr. Thomas's house, testimony from the victim's ex-husband that the victim became distraught during sexual relations and told him about the incidents involving petitioner, and testimony from a detective that petitioner's denials were not credible was "unfair, unreliable and inadmissible on multiple grounds." Petitioner also argues that the trial court used this testimony in determining petitioner's guilt and imposing the life sentence. Petitioner admits that "this Court need not devote itself to mere evidentiary concerns," but argues that "the gravity of the error is heightened in a case like this one where the right to a fair trial was so compromised."

Upon review, the Court agrees with the Magistrate Judge that ground three lacks merit. In a bench trial, a presumption exists that the trial court only considered relevant admissible evidence when reaching its verdict, unless it affirmatively appears to the contrary. *State v. Richey,* 595 N.E.2d 915, 921 (Ohio 1992). Petitioner has offered nothing to show that the trial court improperly relied on any evidence. The appellate court noted that the testimony regarding the burglary and vandalism was considered by the trial court only as it related to the victim's perception that she was in danger if she told anyone about what happened. The appellate court also noted that the testimony of the victim's ex-husband was viewed by the trial court as corroborating the victim's testimony about petitioner's modus operandi. Finally, petitioner did not object to the testimony of the detective. Petitioner therefore cannot show that any trial error

7

occurred or that it rose to the level of fundamental unfairness. Accordingly, ground three lacks merit.

**D.     Ground Five**

Petitioner objects to the Magistrate Judge's conclusion that petitioner's due process rights were not violated by the application of the Ohio statutes because there is no clearly established United States Supreme Court precedent regarding a life sentence for an offender who commits a crime as a juvenile, but is convicted and sentenced as an adult. Petitioner specifically argues that Supreme Court precedent requires a court to consider an offender's youthful status as a factor that mitigates his sentence, and Ohio Rev. Code §§ 2907.02 and 2152.02(C)(3)[3] operate in concert to prevent this consideration because § 2152.02(C)(3) divests the juvenile court of the jurisdiction it otherwise would have over the case. As a result, petitioner argues, the trial court could not sentence him to anything less than life in prison. Petitioner cites to *Roper v. Simmons,* 543 U.S. 551, 570 (2005) and the very recent case of *Graham v. Florida,* 130 S. Ct. 2011 (2010) in support.

Upon review, the Court agrees with the Magistrate Judge that petitioner's due process rights were not violated by the application of the Ohio statutes. The Ohio Supreme Court, which granted petitioner's appeal only as to this ground, explained that no substantive rights were violated by § 2152.02(C)(3)'s requirement that petitioner be tried as an adult, because petitioner was on notice that he could have been tried as an adult even if he was indicted when he was still

---

[3]     Ohio Rev. Code § 2152.02(C)(3) states: "Any person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act." Ohio Rev. Code § 2907.02 provides for a mandatory life sentence for rape of a child under 10 years of age and for rape if the offender purposely compels the victim to submit by force or threat of force.

8

a juvenile.[4] The United States Supreme Court precedent petitioner relies upon in support of his argument that the court was required to consider his age in mitigation of his life sentence applies to juveniles sentenced to death, juveniles sentenced to death for non-homicide crimes, and juveniles sentenced to life imprisonment without parole for non-homicide crimes.[5] It does not apply to an adult sentenced to life imprisonment (with the possibility of parole) for a non-homicide crime committed when the adult was a juvenile. Although petitioner argues that the magistrate judge construed *Roper* and *Graham* too narrowly, the *Graham* Court did not foreclose the constitutionality of imposing a life sentence on juvenile offenders: "A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term." *Graham,* 130 S. Ct. at 2034. Thus, even if petitioner were correct in asserting that the holding of *Graham* applies to adults convicted of crimes they committed as juveniles, petitioner's argument that his age must be considered as a factor that mitigates his life sentence in this case would fail. The Ohio Supreme Court's application of the Ohio statutes in petitioner's case did not result in a decision that was contrary to or that involved an unreasonable application of clearly established

---

[4] The Ohio Supreme Court stated that "although Warren 'perhaps remained eligible for retention within the jurisdiction of the juvenile court under a technical reading of the old statutes, the practical reality is that [he] had virtually no chance of being kept in the juvenile system.' As in *Walls,* any bindover hearing under the statute that was in place in 1988 would have been simply a procedural step in the process of transferring Warren for prosecution as an adult." *State v. Warren,* 887 N.E.2d 1145, 1154 (Ohio 2008) (citing *State v. Walls,* 775 N.E.2d 829, 842-843 (Ohio 2002)).

[5] Petitioner does not argue, nor did the Court find evidence in the record, that petitioner's sentence is without possibility of parole. The appeals court in fact held that "[w]e cannot say that a sentence of life imprisonment (with possibility of parole) is grossly disproportionate to the crime of rape of a child under the age of 13." *State v. Warren,* 859 N.E.2d 998, 1006 (Ohio App. 2006).

federal law as determined by the United States Supreme Court, nor was it based on an unreasonable determination of the facts. Accordingly, ground five is without merit. As the Court has found ground five to be without merit, petitioner's request for leave to conduct additional discovery from the Ohio Department of Rehabilitation and Corrections is denied.

**CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is DISMISSED as procedurally defaulted as to ground six and without merit as to the remaining grounds. Petitioner's Motion for Leave to Pursue Discovery Pursuant to Habeas Rule 6 is DENIED. Further, this Court hereby fully incorporates the Report and Recommendation by reference herein. For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date: 7/19/10